BLAMIRE v. SHELDON AXLE WORKS.

(Circuit Court, M. D. Pennsylvania. January 10, 1907.)

No. 1, October Term, 1903.

PATENTS—INFRINGEMENT—MACHINE FOR TURNING CRANKED AXLES.

The Blamire patent, No. 663,325, for a machine for turning cranked axles, whatever the real invention, does not cover broadly the general combination of a slotted sleeve and chuck, but only the particular form of it therein described and claimed, and is not infringed by a machine which, while the general equivalent of that of the patent, doing the same work by substantially the same means and in much the same way, is yet materially different in mechanical structure.

In Equity. Suit for infringement of letters patent No. 663,325 for a chuck granted to James Blamire December 4, 1900. On final hearing.

S. B. Price, for plaintiff.

J. E. Jenkins and Thomas H. Atherton, for defendants.

ARCHBALD, District Judge. It seems to be fairly well established by the evidence that the plaintiff was the originator of the improved sleeve and chuck, by which the turning of the ends of cranked axles, by the turret or machine process, was first made possible. A sleeve and chuck for the machine-turning of straight axles was already in

use, but it was the adaptation of this device to bent or cranked axles, for which the plaintiff is apparently entitled to the credit; this being accomplished by means of a longitudinal slot made in the sleeve, and a slot and adjustable jaws in the chuck, by which the eccentricity of the axles was provided for, and the ends to be turned at the same time properly gripped and centered. It is not necessary, however, to definitely decide this question. The patent obtained by the plaintiff, whatever the real invention, does not cover broadly the general combination of a slotted sleeve and chuck, but only the particular form of it, which is there described, to which the plaintiff is consequently confined. And, if the defendants do not copy this, they cannot be charged with infringement, however much they may appropriate the principle upon which it is based.

The following are the claims to be found in the patent:

"1. In a machine for turning cranked axles, the combination with a cylindrical sleeve, each end of which is conical and slotted longitudinally, a slotted chuck upon each end provided with radially-located jaws, the inner portion of each jaw being angular in cross-section and the outer portion being cylindrical and screw-threaded and means for rotating said sleeve, substantially as described.

"2. In a machine for turning cranked axles, the combination, with a cylindrical sleeve, each end of which is conical and slotted longitudinally, of a slotted chuck on each end, provided with radially-located jaws, the inner portion of each jaw being angular in cross-section and having its inner end provided with a head and its outer end provided with a slotted recess, and the outer end of the jaw being cylindrical and screw-threaded, a screw in the recess in the inner portion of the jaw, the stem of which engages with the inner end of the outer portion of the jaw, and means for rotating the sleeve, substantially as described."

An essential element of the device, as so specified, is a cylindrical sleeve, having conical ends; and to this structural form not only is the inventor committed by the terms of the claims, but, as appears by the specifications, it was advisedly selected, permitting, as it does, as a desired feature, of a flange or rim at the outer end of the sleeve, to which the chuck may be secured, or which, by being thickened, can itself be utilized for that purpose, and a chuck as a separate feature be dispensed with. But whatever may be said of the other parts of the defendants' device, there are no conical ends to the character of sleeve of which they make use. A longitudinal slot it has; and the slotted shoe, sliding between bars, on the face of the head or bearing, and centered by means of set screws, no doubt performs substantially the same function as the plaintiff's chuck. But this is not enough. Infringement is not to be predicated upon general similarity, nor upon the adoption of the same working principle; the idea not being patented, but only the mechanical means by which it is carried out. It is not every combination of this character, in other words, which is monopolized and protected by the patent, but only the particular one which is there claimed, essential to which in the present instance is a conically ending sleeve. In the defendants' device, however, the sleeve, instead of tapering at the end, is of the same size as the bearing, from which it only varies as it is cut away towards the center, in order to economize material and weight. This distinction is substantial, and in the face of it infringement is not made out.

There is also a similar particularity of structure in the jaws of the plaintiff's chuck, which the defendants have not appropriated, with a like result. The inner portion of each jaw, as designated in the patent, is angular in cross-section, and the outer portion is cylindrical and screw threaded, to which several other somewhat minute details are added in the second claim. These may contribute to the efficiency of the device, in the conception of the inventor, but they decidedly narrow the range of the invention, and the defendants not having made use of them cannot be held to infringe. While, then, considered operatively, the one device may be the general equivalent of the other, doing the same work by substantially the same means, and in much the same way, yet in mechanical structure, having regard to the terms of the patent, they are materially different, and by this the question of infringement must be judged.

Let a decree be drawn dismissing the bill, on the ground of noninfringement, with costs.